IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ROBERT RAMOS, AN INDIVIDUAL, | § § § | |
| *Plaintiff,* | § § § | SA-22-CV-00172-DAE |
| vs. | § § § | |
| WGJI13 BUSINESS LLC, | § § § | |
| *Defendant.* | § | |

# REPORT AND RECOMMENDATION
# OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge David A. Ezra:**

This Report and Recommendation concerns Plaintiff's Motion for Default Judgment [#20], which was referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C. This court has federal-question jurisdiction over this action under 28 U.S.C. § 1331, because this case arises under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that the motion be **granted** as set forth herein.

## I.  Background

Plaintiff Robert Ramos initiated this cause of action against Defendant Three Star Venture #2, LLC ("Three Star"), by filing a motion to proceed *in forma pauperis*. The Court granted the motion, and Plaintiff's Complaint was docketed on February 27, 2022. The Complaint alleges violations of Title III of the Americans with Disabilities Act (ADA) regarding access to an establishment owned by Three Star. Prior to serving Three Star with process,

1

Plaintiff moved to amend his Complaint to add WGJI13 Business LLC as a Defendant in light of the transfer of ownership of the property at issue to WGJI13.  The Court granted the motion, and Plaintiff's Amended Complaint was docketed on May 25, 2022.  After filing the Amended Complaint, Plaintiff moved to voluntarily dismiss his claims against Three Star.

Plaintiff's Amended Complaint alleges that Defendant WGJI13 (hereinafter "Defendant") violated the ADA by failing to conform its establishment, a place of public accommodation, to the accessibility requirements under the ADA.  Plaintiff uses a wheelchair for mobility and alleges that he attempted to patronize Defendant's establishment but was unable to do so due to a number of barriers to equal access.  Plaintiff's Complaint seeks an injunction against Defendant requiring removal of the physical barriers and compliance with the ADA, as well as an award of attorneys' fees and costs.

Plaintiff served Defendant with process on June 2, 2022 [#15], making Defendant's responsive pleading due on June 23, 2022.  *See* Fed. R. Civ. P. 12(a).  Defendant did not file an answer or any other pleading by the deadline imposed by Rule 12, and Plaintiff moved for entry of default.  The Clerk entered a default on July 20, 2022.  Plaintiff now moves for a default judgment against Defendant pursuant to Rule 55 of the Federal Rules of Civil Procedure, requesting injunctive relief.

Upon review of the motion, the Court concluded that Plaintiff's motion failed to articulate the specific acts he is requesting the Court order the Defendant to perform. Accordingly, the Court ordered Plaintiff to file a proposed injunction for the Court's consideration.  The Court directed Plaintiff to specify in the injunction which repairs should be required, any audit or inspection Plaintiff contends should be performed and by whom, a suggested time frame by which the ordered actions should be completed, and any other specific

action Plaintiff is requesting be required of Defendant.  Plaintiff filed the proposed injunction as ordered [#22].  The motion is now ripe for the Court's review.

## II. Legal Standard

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Once default has been entered, the court may enter a default judgment against the defaulting defendant upon motion by the plaintiff.   Fed. R. Civ. P. 55(b); *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  In considering a motion for default judgment, the court accepts as true the well-pleaded allegations of facts in the complaint (except regarding damages) but must determine whether those facts state a claim upon which relief may be granted.  *See United States ex rel. M-Co. Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987); *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).  Thus, for a plaintiff to obtain a default judgment, "[t]here must be a sufficient basis in the pleadings for the judgment entered."  *Nishimatsu,* 515 F.2d at 1206; *see also Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) ("[A] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default.") (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)).  A defaulting party is deemed to have admitted all well-pleaded allegations of the complaint.  *Matter of Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992).

## III. Analysis

The Court should grant Plaintiff's motion for default judgment.  Plaintiff's allegations are well pleaded and establish Defendant's liability under Title III of the ADA.  Moreover, Plaintiff

has standing to sue Defendant under the ADA and is entitled to the proposed injunction to remedy his alleged injuries.

**A.      The allegations in Plaintiffs' First Amended Complaint are well pleaded and should be deemed as admitted for purposes of the motion for default judgment.**

Having considered the allegations contained in the Amended Complaint, the undersigned finds they are well pleaded and therefore should be deemed as admitted for purposes of Plaintiffs' motion for default judgment. *See Matter of Dierschke*, 975 F.2d at 185. The following is an abbreviated version of the facts as alleged in the First Amended Complaint.

Plaintiff is an individual with disabilities as defined by the ADA because he is substantially limited in performing the major life activities of walking and standing and uses a wheelchair for mobility purposes. (Am. Compl. [#13], at ¶¶ 4–6.) In October 2021, Plaintiff attempted to patronize and gain access to the Center Food Mart—Mobil located at 1719 S Zarzamora Street in San Antonio, Texas (the Property). (*Id.* at ¶ 9.) Plaintiff was unable to do so, however, due to physical barriers to access and dangerous conditions. (*Id.* at ¶¶ 13, 21.) These barriers and conditions include (1) a lack of van accessible parking and corresponding van-accessible or wheelchair-accessible signage; (2) obstruction of the accessible route along the storefront curb by vehicles due to lack of parking stops; (3) lack of maintenance of paint delineating accessible spaces; (4) uneven, broken, and cracked pavement in purported accessible parking spaces; and (5) lack of accessible route from public sidewalk to Property. (*Id.* at 8–9.)

Defendant is the owner, lessor, and/or operator of the Property and its attendant facilities, including vehicular parking and common exterior paths of travel, as identified by the Bexar County Assessor parcel identification number 1057064. (*Id.* at ¶ 10.) Plaintiff lives within 30 miles of the Property, and Zarzamora Street is a thoroughfare he frequents routinely. (*Id.* at ¶ 11.) Plaintiff intends to visit the Property again as soon as the barriers to access are removed so

that he can be a regular patron of the Property. (*Id.* at ¶¶ 13, 22.) Removal of these physical barriers and dangerous conditions is readily achievable because of the site conditions at the Property, the structural design of the Property, and the straightforward nature of the modifications. (*Id.* at ¶ 32.) Plaintiff is suffering irreparable harm unless and until Defendant removes the barriers and dangerous conditions at issue. (*Id.* at ¶ 37.)

**B.     Plaintiff has standing to sue Defendant under the ADA.**

Plaintiff self-identifies in his pleadings as an "independent advocate of the rights of similarly situated disabled persons" and an ADA "tester," whose purpose is to monitor, determine, and ensure "whether places of public accommodation are in compliance with the ADA." (*Id.* at ¶ 7.) The Court already screened Plaintiff's pleadings for standing when it evaluated Plaintiff's motion to proceed *in forma pauperis* and ordered service of Plaintiff's Complaint. The Court again reiterates here that Plaintiff has standing to sue under the ADA as an ADA tester.

For an ADA tester to have Article III standing, he must have suffered a sufficiently concrete and particularized individual injury, rather than a hypothetical injury shared with all similarly disabled persons. *See Laufer v. Mann Hospitality*, 996 F.3d 269 (5th Cir. 2021) (affirming dismissal for lack of subject matter jurisdiction of ADA tester case for failure to satisfy individual injury requirement under Article III). In *Laufer*, the plaintiff had sued a Texas hotel, alleging that the online booking system used by the hotel failed to identify ADA accessible rooms that would accommodate her disability. *Id.* at 271. Yet, the plaintiff, a Florida resident, did not claim to have ever traveled to Texas or to have any definite plans to do so. *Id.* The Fifth Circuit held that the plaintiff's general intent to travel throughout Texas after the coronavirus pandemic abated was insufficient to establish an individualized injury and affirmed the district

court's dismissal for lack of standing. *Id.* Here, Plaintiff sues an establishment that is located within 30 miles of his place of residence, in an area he frequently travels, and he alleges that he has attempted to patronize the establishment but was unable to do so because of physical barriers to his access. (Am. Compl. [#13], at ¶¶ 11–15.) Plaintiff has Article III standing to sue Defendant under the ADA.

C.  **Plaintiff's Amended Complaint states violations of Title III of the ADA.**

Based on these allegations, Plaintiff asserts one cause of action against Defendant—a violation of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and its implementing regulations, the ADA's Accessibility Guidelines, 28 C.F.R. Part 36. Title III of the ADA prohibits discrimination against persons with disabilities by places of public accommodation and services operated by private entities, including retail establishments. 42 U.S.C. § 12182(a) ("No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."). In doing so, it requires covered entities to make "reasonable modifications in policies, practices, or procedures" to accommodate disabled persons, *id.* at §§ 12182(b)(2)(A)(ii), 12184(b)(2)(A), and to remove "architectural barriers, and communication barriers that are structural in nature," where such removal is "readily achievable," §§ 12182(b)(2)(A)(iv), 12184(b)(2)(C).

Plaintiff's well-pleaded allegations establish that Defendant is the owner, lessor, and/or operator of a place of public accommodation and is therefore subject to the requirements of Title III of the ADA. Plaintiff's allegations further establish that Defendant has failed to remove architectural barriers to access to its Property to accommodate Plaintiff and other disabled

persons and the removal of such barriers is readily achievable. Accordingly, Plaintiff has established that Defendant is liable for a violation of Title III of the ADA.

**D.      Plaintiff is entitled to an injunction against Defendant.**

Though the application of Title III is broad, the remedies available to injured parties are limited to injunctive relief. *Perez v. Drs. Hosp. at Renaissance, Ltd.*, 624 Fed. App'x 180, 183 (5th Cir. 2015). Under the terms of the ADA, injunctive relief is available "to any person who is being subjected to discrimination on the basis of disability" in violation of Title III. 42 U.S.C. § 12188(a)(1). In the case of violations of sections 12182(b)(2)(A)(iv) regarding architectural barriers, "injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities" to the extent required by Title III. *Id.* at § 12188(a)(2).

Plaintiff's proposed injunction asks the Court to enter an order directing Defendant to complete the following specific repairs within 180 days of the entry of the default judgment:

1. The addition of an ADA compliant, van accessible parking space in the parking facility serving the Subject Property pursuant to Section 4.6 of the 1991 ADAAG and Section 502 of the 2010 ADAAG.

2. The addition of an accessible route from the newly created van accessible parking space to the entrance of the subject property including the addition of curb stops to other parking spaces along the accessible route to prevent parked vehicles from protruding into the accessible route pursuant to Section 4.3 of the 1991 ADAAG and Section 403.5.1 of the 2010 ADAAG.

3. The addition of signage denoting each designated accessible space and designated accessible van space as such pursuant to Section 4.6 of the 1991 ADAAG and Sections 208, 302 and 502 of the 2010 ADAAG.

4. Re-striping of the parking lot to denote designated accessible spaces, designated accessible van spaces, and access aisles as such 28 CFR § 36.211, Section 4.6 of the 1991 ADAAG, and Section 502.3.3 of the 2010 ADAAG.

5. The addition of an accessible route from the entrance of the business to the public sidewalk serving the subject property pursuant to Section 4.3.2 of the 1991 ADAAG and Section 206.2.1 of the 2010 ADAAG.

6. The repair of all pavement within and leveling of all designated accessible parking spaces and designated van accessible parking spaces pursuant to 28 CFR § 36.211, Sections 4.5.1 and 4.6.3 of the 1991 ADAAG and Sections 302 and 502.4 of the 2010 ADAAG.

Additionally, Plaintiff asks the Court to include in the injunction that Plaintiff's counsel shall be afforded a right to an inspection of the Subject Property within 30 days of the completion of the repairs by Defendant. Plaintiff asks that he have the right to retain an expert in the field of ADA compliance to verify that the repairs have been made in accordance with ADA Standards and that the retention of Plaintiff's expert be at the cost of the Defendant. Finally, Plaintiff asks that he be compensated for reasonable monitoring fees to ensure that Defendant is in compliance with the ADA. This final request should be denied. Otherwise, Plaintiff is entitled to the injunctive relief he has requested.

If Plaintiff moves for an award of costs and fees, the costs, expert fees, and attorneys' fees that Plaintiff incurs or has incurred will be reviewed for reasonableness by the Court and shall be submitted by separate motion in accordance with Federal Rule of Civil Procedure 54 and Local Rule CV-54. If there is a legal basis for requesting monitoring fees, Plaintiff can address that in his fee motion.

## IV.  Conclusion and Recommendation

Having considered the motion, Plaintiff's pleadings, Defendant's failure to answer or otherwise respond, and the governing law, the undersigned **recommends** that Plaintiff's Motion for Default Judgment [#20] be **GRANTED** and the Court issue the proposed default judgment and injunction filed by Plaintiff [#22], except that the portion awarding reasonable monitoring fees be stricken.

## V.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 30th day of January, 2023.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE